UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPPERWALL,<br>　　　　Plaintiff,<br>　　v.<br>BANK OF AMERICA, N.A.,<br>　　　　Defendant. | Case No. 16-cv-00106-JST<br><br>**ORDER GRANTING IN PART REQUEST FOR MODIFICATION OF BRIEFING SCHEDULE**<br><br>Re: ECF No. 5 |

Plaintiff has requested, in a letter addressed to the docketing clerk, that the briefing schedule for his bankruptcy appeals be modified to extend the deadline for his opening brief to August 2, 2016. ECF No. 5. He states that this is because part of the record on appeal "is still locked until 7/5/15." Id. Defendant has responded that while it "has no answer as to why the transcripts have been uploaded to PACER but are not in Opperwall's possession," all of the transcripts requested have been uploaded to this Court's docket, and therefore anyone with a PACER account may pull them for their use. ECF No. 6. It also adds that it is Plaintiff's duty to fix any problems with the transcript. Id.

If this is true, it is unclear to the Court why Plaintiff is unable to download the necessary transcripts from this Court's docket in order to complete his brief. However, Plaintiff states that Defendant is trying to mislead the Court, and that in fact some transcripts are still locked and are not available on the docket. ECF No. 7. Plaintiff does not, however, identify which transcripts are not available.

Accordingly, the Court shall grant in part the request for modification of Plaintiff's briefing schedule. Plaintiff's deadline for his opening briefs, in both bankruptcy appeals, is extended to June 24, 2016. Plaintiff may also file a response to this order, no later than June 24, 2016, that identifies the specific transcripts that were requested but are not available on the docket

for these bankruptcy appeals. The response should further address Defendant's assertion that it is Plaintiff's duty to fix any problems with transcript production. If a response is filed, the Court will re-consider Plaintiff's request to extend the opening brief deadline to August 2, 2016. If no response is filed, the deadline will remain at June 24, 2016.

Finally, the parties are reminded that any requests for administrative relief must comply with Civil L.R. 7-11 on Motions for Administrative Relief.

IT IS SO ORDERED.

Dated: June 17, 2016

_____
JON S. TIGAR
United States District Judge